## Commonwealth v. Safeway Construction Company, Inc.

Before Hourigan and Podcasy, JJ.

*David L. Glassberg,* for plaintiffs.
*Clement E. Kisailus,* for defendant.

HOURIGAN, J., May 18, 1973.—This case comes before the court on defendants' preliminary objections to plaintiffs' complaint, which alleges that plaintiffs have an adequate remedy of law and requests a more specific pleading. The other two preliminary objections were withdrawn at the time of argument.

Plaintiffs instituted this action pursuant to the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P. L. 1224, 73 PS §201-1, et seq. Said act authorizes the Attorney General or district attorney to institute an action to restrain by

temporary or permanent injunction a person who is using or about to use unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

On October 20, 1972, this court entered an order pursuant to a consent agreement enjoining defendants from committing certain acts and retained jurisdiction for the purpose of enforcing the injunction and convening a final hearing.

A court of equity has jurisdiction to restrain unfair competition: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618 (1957). Once equity takes jurisdiction it has power to settle the whole controversy: Wortex Mills v. Textile Workers Union of America, 380 Pa. 3 (1954). We, therefore, conclude that plaintiffs are properly before the court in equity.

Defendants have also filed, as part of their preliminary objections, a motion for more specific pleadings. Count II of plaintiffs' complaint appears to be claiming damages for individuals. Plaintiffs, in paragraph 13, allege defendants have at different times in their contracts with different individuals, failed to perform, citing numerous defects in subparagraphs (a) through (s), but plaintiffs fail to identify the property or complainants.

In paragraph three of their prayer for relief, plaintiffs request that defendants be ordered to make restitution to all customers who have relied on representations and have made deposits or expended money for services of defendants: Pennsylvania Rule of Civil Procedure 1019 (f) states: "Averments of time, place and items of special damage shall be specifically stated." And Pa. R. C. P. 1019(h) states: "A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing." Defendants are entitled to a more specific pleading which complies with the Pennsylvania Rules of Civil Procedure. De-

fendants are entitled to know the identity of claimants, the location of each property and defects existing thereon for which plaintiffs are claiming damages.

However, we note the Unfair Trade Practices and Consumer Protection Law does not grant the court the right to order restitution: Commonwealth v. Foster, 120 Pitts. L. J. 265 (1972).

If plaintiffs have the authority other than by restitution, to recover for alleged losses sustained by persons who have dealt with defendants, they must amend their complaint in accordance with this decision.

Accordingly, we enter the following

### ORDER

Now, May 18, 1973, at 11:45 a.m., (EDST), it is ordered and decreed that:

1. Defendants' preliminary objection to equity jurisdiction is denied.

2. Defendants' preliminary objection for a more specific pleading is sustained and plaintiffs are directed to file an amended complaint in accordance with this decision within 30 days or plaintiffs' requested relief for restitution or any other damage recovery is denied.